Johnson, J.
The court do not deem it necessary to follow the counsel through their researches, on the question whether an appeal to this court does or does not lie from an order made at Chariibers, by a circuit judge. From the first organization of a court possessing appellate powers, it has sd far, as I have been able to learn, been the uáage of the court, to entertain appeals from all orders made at Chambers, which in their operation, were conclusive, as to the rights of parties; and such is the effect of the order complained of in the present case, if it be granted that the prison bounds act created a special jurisdiction and, invested it in the circuit judge, as has been argued, it would, as an inferior jurisdiction, fall under the general supervision and control of the court of sessions and be subjected to the process of mandamus, prohibition &c. and to avoid the incongruity of applying to'one circuit judge for these processes against another and the circuity of bringing it up, though the circuit court, was doubtless of the origin of the,usage referred to. It is convenient in practice, and tends to the prompt administration Of justice; and the court See no reasons for departing from it.
The remaining question is, whether the defendant is or is not entitled, to the benefit of the prison bounds’ act. (Public Laws, 456.) His claim to it is re.sist6d.on the ground, that the cause of action, for which he is arrested, and now in confinement, falls within the exception, contained in the act, which excludes all who aré committed on execution, for “wilful and malicious trespass.” There is some difficulty in determining to what class of injuries those terms were" intended to be referred. If we look to the injuries for which the common law'provides remedies, we find that there are others which correspond precisely with this definition. The injuries for which the action of trespass vi et amis lies, approach more closely than any others. But that it was not intended to cover the whole class, is apparent from the act itself. “Wilful maihem” and ‘^damages done to the freehold” would fall •within it; and these are expressly provided for in the act, *83 which would have been unnecessary, if they were intended to be included in the general terms. On the maxim, therefore, that expressio unius est exclusio alterius, this exception must be referred to some other subject. This view of the subject is supported by the current of decisions on the act; for, al» though, the court have not heretofore laid down any general yule on the subject, in the casé of Ikmpfield and EUard, (2 M\Lord, 182,) it was held that a defendant arrested on a ca, ■ ca. in an action of trespass, for an assault and battery, was entitled to the benefit of the act; and in Walling and Jennings, (1 M’Cord, 10,) which was an action of slander, the same order was made. The statute of 22 and 23 Car. II. c. 7. (Public Laws, 80. 2 Brev. 36,) has given character to a class of cases which clearly fall within the terms of the exception to the prison bounds act. The 5th section of the act provides that, «if any person shall in the night time maliciously, unlawfully and willingly maim, wound, or otherwise hurt any horses, sheep, or other cattle, tvhereby the same shall not be killed, or utterly destroyed, or shall destroy any plantations of trees, or throw down'any inclosures, in manner aforesaid; that then every such offender oi" offenders shall lose and forfeit, unto the party grieved, treble the damage, which he or they shall thereby sustain; the same to be recovered by action, fee.” In this statute we have a plain and practical application of the terms, “wilful and malicious trespass,” used in the prison bounds act, and to these injuries, the legislature, doubtless, intended to refer, by their use. The court do not intend to be understood to adjudge that there are no other injuries.to which these terms would apply. The statutes made of force, and'thé acts of the legislature, may have given the same denomination to other wrongs than those enumerated in this statute, and to which the exception would as well apply, for’the same reason; but if any such exist, they have escaped the observation of the court.
The court are, therefore, bf opinion that the present case is not included in the exception, and it is ordered that tjhe order to remand the defendant be reversed and that he b? *84 admitted to the benefit of the a£t, on his complying with its provisions.
Grimlce, for motion.
JDunMn, contra.